UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

    Plaintiff,

v.

RONALD DAVIS, Warden,

    Defendant.

Case No. 16-cv-04127-VC  (PR)

**ORDER OF DISMISSAL WITH PREJUDICE**

    Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* petition for a writ of mandamus about his state criminal conviction. Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

    The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing. Therefore, he may not proceed *in forma pauperis*. Furthermore, he may not proceed even if he pays the filing fee because this court lacks authority to issue a writ of mandamus. *See* 28 U.S.C § 1361. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* The statute only allows mandamus to compel federal actors and agencies; federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.

*See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Accordingly, this action is dismissed with prejudice because amendment would be futile.

The Clerk of the Court shall enter a separate judgment and close this case.

**IT IS SO ORDERED.**

Dated: July 29, 2016

_____
VINCE CHHABRIA
United States District Judge